[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION REGARDING VISITATION
This motion of the plaintiff father seeks the right to take the parties' son, Sean, born January 7, 1990, on a trip to Texas and Mexico. The trip, as envisioned by the father who is a United States citizen and on active duty with the U.S. Navy, would involve leaving by car with Sean and the paternal grandmother on February 26, visiting several paternal uncles and an aunt in Texas, continuing to Monterey, Mexico and visiting with the plaintiff's grandmother and returning to Connecticut on March 14, 1993, a total of 17 days. The mother objects to the taking of the child on the trip.
The parties have two minor children, Sean and Christian, who was born October 6, 1992, after the commencement of this action for a dissolution. Custody pendente lite of both children was granted to the mother, who is on state assistance, and the father's rights of visitation with Sean, since September 1992, have been: each Wednesday from 4:00 p.m. to 8:00 p.m.; alternating weekends from Saturday 9:00 a.m. to Sunday at 6:00 p.m. and alternating Saturdays from 9:00 a.m. to 6:00 p.m. The record also reveals that father has one hour visitation with Christian, supervised by mother, on each day he enjoys visitation with Sean, with that order subject to review in April 1993. The court also ordered that neither party was to remove Sean from the State of Connecticut without the written permission of the other.
The court heard from the father, mother and the CT Page 300 child's therapist, and argument from counsel for each party and for the child. The child's therapist essentially opined that as the child was confused, probably because of the parents' separation and their evident hostility toward each other, any extended separation (for more than two or three days) would not be in the child's best interests. The therapist also testified that both parents were capable of parenting the child, and that she had no concerns over the child's physical well being when with the father, but would be concerned over the child's emotional state if he was separated from father or mother for an extended period. The mother argues that the child is too young for such a protracted trip and the extended separation from her that would result. The father argues that he is in every sense a capable parent, and that the trip and visiting father's relatives would be good for the child.
The child's attorney argues that her three-year-old client would benefit from the trip, and the stays in Texas and Mexico and that the parents and the child's therapist would have the opportunity to prepare the child for the trip.
The determining factor in this case is what is in the best interests of Sean. The mother points only to the therapist's concern over any extended separation from the mother for her objection to the trip. The mother does, in addition, express fear that the father will not return the child, but provides no basis for this fear. There was no evidence that any of the father's visits with Sean from September to the present were harmful to the child or contrary to his best interests.
The court, after a review of the evidence, its observation of the parties, agrees in part with the child's attorney that such a trip, if reasonable in duration, considering the age and needs of the child, would be of benefit to him and therefore in his best interests.
Accordingly, the court grants the motion for visitation out of state as follows:
1. Father may take Sean on February 26, 1993 and shall return him to mother on March 9, 1993 by 6:00 p.m. If this visitation period does not include a regularly scheduled Saturday to Sunday weekend visitation for father, then his CT Page 301 first weekend visitation after the child's return shall be for Saturday only, to allow Sean to spend more uninterrupted time with his mother, and then the parties shall resume their regular schedule.
2. Father shall provide mother with his trip itinerary no later than February 19, 1993, with an address and phone number where he can be reached for each day of the trip, beginning the second day.
3. Father shall see to it that Sean speaks to his mother by telephone every other evening of the trip beginning the second day.
4. Mother shall provide father with all medications prescribed for the child, and the prescriptions, if any.
Teller, J.